IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| EZ DOCK, INC., | ) No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HURRICANE MARINE MANUFACTURING, | ) |
| INC., TRACY RADCLIFF, RAYMOND | ) |
| CARULLI and KEVIN MASON, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff EZ Dock, Inc. ("EZ Dock") sues Defendants Hurricane Marine Manfacturing, Inc. ("Hurricane"), Tracy Radcliff ("Radcliff"), Raymond Carulli ("Carulli") and Kevin Mason ("Mason" and, collectively with Hurricane, Radcliff and Carulli, ("Defendants") and states as its Verified Complaint:

### INTRODUCTION

1. Plaintiff, EZ Dock, asserts claims for trademark infringement and related claims. EZ Dock manufactures and sells rotationally molded floating docks and ports under the trade name EZ Dock. Hurricane is a former distributor of EZ Dock products. Radcliff and Carulli are the owners and officers of Hurricane. Mason operates a dealership that has no separate existence from Hurricane. Although Hurricane's distributorship relationship with EZ Dock undeniably has been terminated, Defendants continue to use EZ Dock's registered EZ Dock trademark and service mark, in violation of Defendants' legal obligations, and in an effort to confuse consumers and profit from the goodwill EZ Dock has developed. EZ Dock asks this Court to enjoin Defendants' use of the EZ Dock trademark and service mark, and award damages to EZ Dock

from and against Defendants, including EZ Dock's reasonable attorney's fees and costs incurred in connection with this action.

## PARTIES, VENUE, AND JURISDICTION

2. EZ Dock is a corporation organized under the laws of the State of Minnesota, having its principal place of business at 878 Highway 60, Monett, Missouri 65708.

3. Hurricane is a corporation organized under the laws of the State of Florida, having its principal place of business at 3301 SE Slater Street, Stuart, Florida 34997.

4. Radcliff is an individual resident of the State of Florida who personally directed, participated in and/or ratified the acts and omissions complained of herein. Radcliff is, and at all pertinent times has been, a 50 percent owner and the President of Hurricane.

5. Carulli is an individual resident of the State of Florida who personally directed, participated in and/or ratified the acts and omissions complained of herein. Carulli is, and at all pertinent times has been, a 50 percent owner and the Secretary and Treasurer of Hurricane.

11. Mason is an individual resident of the State of Florida who personally directed, participated in and/or ratified the acts and omissions complained of herein. Mason operates a dealership known as Hurricane Boat Lifts & Dock Supply of the Keys ("Hurricane Keys"), located at 8865 Overseas Highway, Tavernier, Florida 33070, which has no separate existence from, and is the alter ego of, Hurricane.

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. § 1331 and § 1338(a) (Acts of Congress relating to trademarks).

7. This Court further has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court further has jurisdiction over the causes of action arising under the laws of the State of Florida based on the doctrine of supplemental jurisdiction and under 28 U.S.C. § 1367.

9. Defendants are subject to exercise of this Court's personal jurisdiction because they are residents of the State of Florida.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2), in that each of the Defendants resides in this State and, upon information and belief, one or more of them reside within this judicial district, and a substantial part of the events or omissions giving rise to the claims which are the subject of this action occurred in this district.

## FACTS RELATING TO ALL COUNTS

12. Paragraphs 1 through 11 are incorporated by reference as though set forth fully herein.

13. EZ Dock is the owner of the EZ Dock service mark, registration number 2938157, which is listed on the principal register of the United States Patent and Trademark Office ("USPTO"). EZ Dock also is the owner of the EZ Dock trademark, registration number 2689965, which is listed on the principal register of the USPTO. Copies of those registrations are appended hereto as Exhibits A and B, respectively. EZ Dock has used its service mark continuously in interstate commerce since March, 1996. EZ Dock has used its trademark continuously in interstate commerce since November, 1991. EZ Dock's registrations are valid and subsisting, and remain in full force and effect as to the validity thereof, including EZ Dock's exclusive right to own and use those marks in connection with the products and services specified in the registrations.

14. On or about June 7, 2011, EZ Dock and Hurricane entered into a Master Distributor Agreement (the "MDA"). The MDA afforded Hurricane, during its term, "a non-

exclusive limited license to use the trade name 'EZ Dock' only in furtherance of its rights and obligations under [the MDA]."

15. The MDA further provided:

> Upon termination of this Agreement, Distributor shall and shall cause its Dealers to immediately remove and discontinue the use or display of such trade names in or on any business name, signage, letterhead, property, advertising and similar material that might indicate or imply that Distributor was or still is acting as a Distributor for EZ Dock.

The MDA now has been terminated, such termination becoming effective no later than July 21, 2014.

16. Subsequent to the termination, and notwithstanding the provisions of the MDA, Hurricane continued to use EZ Dock's trade name in at least the following respects.

17. First, EZ Dock's trade name appeared on a website maintained by or for Hurricane at the web address www.ezdockockfloridabahamas.com (the "Florida Bahamas website").

18. Second, EZ Dock's trade name appeared on a website maintained by or for Hurricane at the web address http://www.skiesthelimitgraphics.com/ezdockockflorida-bahamas/about.html (the "Skiesthelimit website").

19. Third, EZ Dock's trade name appeared, in two places, on the Accessories page of a website maintained by or for Hurricane. The web address of the said website is http://www.hurricaneboatlifts.com/pages/accessories (the "Accessories Page"). A copy of the Accessories Page, accessed on October 29, 2014, is appended hereto as Exhibit C.

20. Fourth, EZ Dock's trade name appeared with Hurricane's name in a directory listing of show participants for the Fort Lauderdale International Boat Show, to be held October 30 through November 4, 2004 (the "Boat Show Listing").

21. Fifth, EZ Dock's trade name was displayed on a large sign at the premises of Hurricane Keys (the "Hurricane Keys Sign").

22. Sixth, EZ Dock's trade name was displayed on a Facebook page maintained by Hurricane Keys ("Hurricane Keys Facebook Page"). A copy of the Hurricane Keys Facebook Page, accessed on October 30, 2014, is appended hereto as Exhibit D. The Hurricane Keys Facebook Page, in addition to referencing EZ Dock in its "About" section, also includes a photograph of the Hurricane Keys Sign on its top, left-hand side.

23. Hurricane Keys has no separate existence from Hurricane; rather, it is one and the same as Hurricane and is the alter ego of Hurricane. Among the facts known to Plaintiff which support the foregoing are: "Hurricane Boat Lifts" is a d/b/a utilized by Hurricane, and Hurricane Keys uses that name with Hurricane's permission; Florida business entity records contain no information indicating that Hurricane Keys is a separate and distinct entity from Hurricane; the Hurricane Keys Facebook Page contains a link for the company website which, when clicked upon, connects to Hurricane's website; Defendant Carulli is the owner of the premises at which Hurricane Keys conducts its business; during the time that Hurricane was an EZ Dock distributor, Hurricane sold and shipped to Hurricane Keys EZ Dock product purchased from EZ Dock; and, since the termination, Hurricane has purchased EZ Dock product from another EZ Dock dealer and supplied it to Hurricane Keys.

24. On October 24, 2014, EZ Dock, by its counsel, sent a letter to Defendants Hurricane, Radcliff and Carulli, demanding that Defendants immediately cease and desist from using EZ Dock's name, images, logo, trademarks and other intellectual property, and from Hurricane holding itself out as an authorized EZ Dock distributor. A copy of the said letter is appended hereto as Exhibit E.

25. Thereafter, Defendant Radcliff responded that certain matters had been addressed, and EZ Dock, by its counsel, sent an e-mail on October 24, 2014 to Defendant Radcliff, copied to Defendant Carulli, stating that there are remaining items to be addressed, and going on to state the following:

> At your website found at http://www.hurricaneboatlifts.com/pages/accessories, the accessories page includes references to two EZ Dock products. These references need to be removed.
>
> Also, as my letter of today pointed out, Hurricane's post-termination duties under the Distributorship Agreement extend not only to Hurricane itself removing and discontinuing the use or display of EZ Dock's trade names and other intellectual property, Hurricane also has the duty to cause its dealers to do so.
>
> Accordingly, to the extent the issues addressed in my letter involve acts or omissions on the part of dealers, including Hurricane Boat Lifts of the Keys ("Hurricane Keys") – which appears to be the case – Hurricane has a continuing duty to cause such dealers to cease and desist from using or displaying EZ Dock's trade names and other intellectual property. Not only has Hurricane breached its duties in that regard, it has encouraged and participated in Hurricane Keys' improper continued use of EZ Dock's trade names and other intellectual property by obtaining EZ Dock product from other dealers and providing it to Hurricane Keys for resale to its customers.
>
> Please see to it that Hurricane Keys and all other of your dealers immediately remove and discontinue the displays of EZ Dock's trade names and other intellectual property. Thank you.

A copy of the said e-mail is appended hereto as Exhibit F.

26. At present, the issues raised by EZ Dock relating to the Florida Bahamas website, the Skiesthelimit website, and the Boat Show Listing have been addressed, albeit belatedly. However, the other issues addressed above have not been remedied.

27. Defendants' aforesaid wrongful acts and omissions are serving to create confusion in the marketplace – particularly since EZ Dock has contracted with a new authorized distributor in Florida, and the new distributor will be present and participating at the said Florida Boat

Show. According to the Hurricane Keys Facebook Page, Hurricane Keys, too, will be present and participating at the Florida Boat Show, which will exacerbate the confusion.

28. Defendants' aforesaid wrongful acts and omissions otherwise are serving to cause harm and damage to EZ Dock. Among other things, Defendants are wrongfully using EZ Dock's marks to attempt to attract customers and potential customers, whom they then will attempt to convert to the products made and sold by a different manufacturer, which they now are principally selling.

## COUNT ONE – FEDERAL TRADEMARK INFRINGEMENT

29. Paragraphs 1 through 28 are incorporated by reference as though set forth fully herein.

30. This Count arises under Section 32 of the Lanham Act (15 U.S.C. § 1114).

31. As described above, Defendants have used and continue to use EZ Dock's marks in commerce, without authorization, in a manner that is likely to cause confusion or mistake, and is likely to deceive consumers.

32. Defendants' use of EZ Dock's marks has been with knowledge of EZ Dock's rights in same, and therefore constitutes willful infringement, for which EZ Dock should be entitled to enhanced damages and an award of costs and attorneys' fees.

33. By virtue of their activities, Defendants have engaged in trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

34. Unless Defendants are immediately enjoined and prohibited from using EZ Dock's marks, Defendants, upon information and belief, will continue to infringe upon those marks.

35. By their foregoing wrongful acts and omissions, Defendants have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury and damage to EZ Dock and to the goodwill associated with EZ Dock's marks.

36. EZ Dock lacks an adequate remedy at law.

WHEREFORE, EZ Dock, Inc. prays for judgment as follows:

1. That Defendants and all those in privity or acting in concert with Defendants, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

   (a) Using EZ Dock's marks or any other name or mark confusingly similar to EZ Dock's marks in Defendants' business operations, sales, and advertising, whether or not in combination with other words, names, styles, or marks; and

   (b) Performing any actions or using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that EZ Dock and Defendants are one and the same or are in some way connected, or that EZ Dock is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of EZ Dock, or that the services or products of Defendants originate with EZ Dock or are conducted or offered with the approval, consent or authorization, or are under the supervision of EZ Dock, or are likely in any way to lead the trade or the public to associate Defendants with EZ Dock.

2. That Defendants be required, jointly and severally, to pay EZ Dock compensatory damages for the injury sustained by EZ Dock in consequence of the acts herein complained of and that such damage be trebled because of the willful acts described herein in disregard of EZ Dock's known rights as aforesaid, as set forth in 15 U.S.C. § 1117(b).

3. That Defendants be required to account for and pay over to EZ Dock all gains, profits and advantages derived from them from the activities herein complained of.

4. That Defendants be required to produce for destruction all stationery, signs, advertisements, brochures, promotional materials, and other written materials which bear EZ Dock's marks, including but not limited to those which bear EZ Dock's marks in combination with other names, titles, or marks, together with all plates, molds, matrices, and other means and materials for making or reproducing same.

5. That Defendants be required to pay to EZ Dock all of its litigation expenses including reasonable attorneys' fees and the costs of this action, as set forth in 15 U.S.C. § 1117(b).

6. That EZ Dock have such other and further relief as the Court may deem just and proper in the circumstances.

**COUNT TWO – FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**

37. Paragraphs 1 through 36 are incorporated by reference as though set forth fully herein.

38. This Count arises under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

39. Since long prior to the acts complained of herein, consumers nationwide have recognized the EZ Dock name as exclusively identifying EZ Dock's high-quality products originating exclusively from EZ Dock.

40. EZ Dock makes extensive use of its trademark and service mark in promoting, marketing, and identifying its products.

41. As a result of EZ Dock's long-standing business and advertising of its services in association with its trademark and service mark, and further due to the excellent quality of its products, EZ Dock enjoys and has enjoyed an exceedingly valuable reputation and goodwill

among the trade and the consuming public with respect to its products in the use of its trademark and service mark.

42. Notwithstanding EZ Dock's long and well-established use of its trademark and service mark, Defendants, with knowledge of EZ Dock's rights, have adopted and used in commerce, and continue to use in commerce, advertisements, signage, and other promotional materials which include EZ Dock's marks in connection with Defendants' business, all without the consent of EZ Dock.

43. Defendants have intentionally used EZ Dock's marks, with full knowledge of EZ Dock's ownership of same and with the intent to trade off of the goodwill built up by EZ Dock therein.

44. The use of EZ Dock's marks by Defendants is a false designation of origin in interstate commerce, in that it is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff.

45. The use of EZ Dock's marks by Defendants is a false designation of origin in interstate commerce, in that it is likely to cause confusion, or to cause mistake or to deceive as to the origin, sponsorship, or approval of Defendants' products or services by EZ Dock.

46. The use of EZ Dock's marks by Defendants in commercial advertising or promotion constitutes a false and misleading description or representation of fact in interstate commerce, in that the description or representation misrepresents the nature, qualities, or geographic origin of Defendants' services or products.

47. EZ Dock has made demand upon Defendants that they discontinue using EZ Dock's marks, but Defendants have failed to do so.

48. By their foregoing wrongful acts and omissions, Defendants have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury and damage to EZ Dock and to the goodwill associated with EZ Dock's marks.

49. Defendants' acts were willful and in disregard of EZ Dock's rights.

50. EZ Dock lacks an adequate remedy at law.

WHEREFORE, EZ Dock, Inc. prays for judgment as follows:

1. That Defendants and all those in privity or acting in concert with Defendants, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

   (a) Using EZ Dock's marks or any other name or mark confusingly similar to EZ Dock's marks in Defendants' business operations, sales, and advertising, whether or not in combination with other words, names, styles, or marks; and

   (b) Performing any actions or using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that EZ Dock and Defendants are one and the same or are in some way connected, or that EZ Dock is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of EZ Dock, or that the services or products of Defendants originate with EZ Dock or are conducted or offered with the approval, consent or authorization, or are under the supervision of EZ Dock, or are likely in any way to lead the trade or the public to associate Defendants with EZ Dock.

2. That Defendants be required, jointly and severally, to pay EZ Dock compensatory damages for the injury sustained by EZ Dock in consequence of the acts herein complained of

and that such damage be trebled because of the willful acts described herein in disregard of EZ Dock's known rights as aforesaid, as set forth in 15 U.S.C. § 1117(b).

3. That Defendants be required to account for and pay over to EZ Dock all gains, profits and advantages derived from them from the activities herein complained of.

4. That Defendants be required to produce for destruction all stationery, signs, advertisements, brochures, promotional materials, and other written materials which bear EZ Dock's marks, including but not limited to those which bear EZ Dock's marks in combination with other names, titles, or marks, together with all plates, molds, matrices, and other means and materials for making or reproducing same.

5. That Defendants be required to pay to EZ Dock all of its litigation expenses including reasonable attorneys' fees and the costs of this action, as set forth in 15 U.S.C. § 1117(b).

6. That EZ Dock have such other and further relief as the Court may deem just and proper in the circumstances.

**COUNT THREE: VIOLATION OF FEDERAL ANTI-DILUTION STATUTE**

51. Paragraphs 1 through 50 are incorporated by reference as though set forth fully herein.

52. This Count arises under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

53. EZ Dock is the owner of marks which qualify as famous marks under 15 U.S.C. §1125(c).

54. Defendants' use in interstate commerce of EZ Dock's marks, which began after same became famous, causes dilution to EZ Dock's marks by lessening the capacity of those marks to identify and distinguish EZ Dock's products.

55.   By their tortious acts, Defendants have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury and damage to EZ Dock and to the goodwill associated with EZ Dock's marks.

56.   Defendants' acts were willful and in disregard of EZ Dock's rights.

57.   EZ Dock lacks an adequate remedy at law.

WHEREFORE, EZ Dock, Inc. prays for judgment as follows:

1.   That Defendants and all those in privity or acting in concert with Defendants, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(a)   Using EZ Dock's marks or any other name or mark confusingly similar to EZ Dock's marks in Defendants' business operations, sales, and advertising, whether or not in combination with other words, names, styles, or marks; and

(b)   Performing any actions or using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that EZ Dock and Defendants are one and the same or are in some way connected, or that EZ Dock is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of EZ Dock, or that the services or products of Defendants originate with EZ Dock or are conducted or offered with the approval, consent or authorization, or are under the supervision of EZ Dock, or are likely in any way to lead the trade or the public to associate Defendants with EZ Dock.

2.   That Defendants be required, jointly and severally, to pay EZ Dock compensatory damages for the injury sustained by EZ Dock in consequence of the acts herein complained of

and that such damage be trebled because of the willful acts described herein in disregard of EZ Dock's known rights as aforesaid, as set forth in 15 U.S.C. § 1117(b).

3. That Defendants be required to account for and pay over to EZ Dock all gains, profits and advantages derived from them from the activities herein complained of.

4. That Defendants be required to produce for destruction all stationery, signs, advertisements, brochures, promotional materials, and other written materials which bear EZ Dock's marks, including but not limited to those which bear EZ Dock's marks in combination with other names, titles, or marks, together with all plates, molds, matrices, and other means and materials for making or reproducing same.

5. That Defendants be required to pay to EZ Dock all of its litigation expenses including reasonable attorneys' fees and the costs of this action, as set forth in 15 U.S.C. § 1117(b).

6. That EZ Dock have such other and further relief as the Court may deem just and proper in the circumstances.

## COUNT FOUR – INJURY TO REPUTATION AND DILUTION OF MARKS

58. Paragraphs 1 through 57 are incorporated by reference as though set forth fully herein.

59. This Count arises under Fla. Stat. § 495.151, *et seq.*

60. Defendants' use of EZ Dock's marks in connection with their business has injured and will, unless enjoined by the Court, continue to injure EZ Dock's business reputation and will dilute the distinctive quality of EZ Dock's marks as defined in Fla. Stat. § 495.151, all to Plaintiff's irreparable harm.

61. Defendants' acts were willful and in disregard of EZ Dock's rights.

62. EZ Dock lacks an adequate remedy at law.

WHEREFORE, EZ Dock, Inc. prays for judgment as follows:

1. That Defendants and all those in privity or acting in concert with Defendants, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    (a) Using EZ Dock's marks or any other name or mark confusingly similar to EZ Dock's marks in Defendants' business operations, sales, and advertising, whether or not in combination with other words, names, styles, or marks; and

    (b) Performing any actions or using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that EZ Dock and Defendants are one and the same or are in some way connected, or that EZ Dock is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of EZ Dock, or that the services or products of Defendants originate with EZ Dock or are conducted or offered with the approval, consent or authorization, or are under the supervision of EZ Dock, or are likely in any way to lead the trade or the public to associate Defendants with EZ Dock.

2. That Defendants be required, jointly and severally, to pay EZ Dock compensatory damages for the injury sustained by EZ Dock in consequence of the acts herein complained of and that such damage be trebled because of the willful acts described herein in disregard of EZ Dock's known rights as aforesaid, as set forth in 15 U.S.C. § 1117(b).

3. That Defendants be required to account for and pay over to EZ Dock all gains, profits and advantages derived from them from the activities herein complained of.

4. That Defendants be required to produce for destruction all stationery, signs, advertisements, brochures, promotional materials, and other written materials which bear EZ

Dock's marks, including but not limited to those which bear EZ Dock's marks in combination with other names, titles, or marks, together with all plates, molds, matrices, and other means and materials for making or reproducing same.

5. That Defendants be required to pay to EZ Dock all of its litigation expenses including reasonable attorneys' fees and the costs of this action, as set forth in 15 U.S.C. § 1117(b).

6. That EZ Dock have such other and further relief as the Court may deem just and proper in the circumstances.

**COUNT FIVE – COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION**

63. Paragraphs 1 through 62 are incorporated by reference as though set forth fully herein.

64. This Count arises under the common law of trademarks and unfair competition of the State of Florida, and Fla. Stat. § 501.201, *et seq*.

65. Defendants' aforesaid activities constitute unfair competition and an infringement of EZ Dock's common law rights in its marks.

66. Such unfair competition and infringement has caused and, unless enjoined by the Court, will continue to cause EZ Dock irreparable harm.

67. Defendants' acts were willful and in disregard of EZ Dock's rights.

68. EZ Dock lacks an adequate remedy at law.

WHEREFORE, EZ Dock, Inc. prays for judgment as follows:

1. That Defendants and all those in privity or acting in concert with Defendants, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

  (a) Using EZ Dock's marks or any other name or mark confusingly similar to EZ Dock's marks in Defendants' business operations, sales, and advertising, whether or not in combination with other words, names, styles, or marks; and

  (b) Performing any actions or using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or public into believing that EZ Dock and Defendants are one and the same or are in some way connected, or that EZ Dock is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of EZ Dock, or that the services or products of Defendants originate with EZ Dock or are conducted or offered with the approval, consent or authorization, or are under the supervision of EZ Dock, or are likely in any way to lead the trade or the public to associate Defendants with EZ Dock.

 2. That Defendants be required, jointly and severally, to pay EZ Dock compensatory damages for the injury sustained by EZ Dock in consequence of the acts herein complained of and that such damage be trebled because of the willful acts described herein in disregard of EZ Dock's known rights as aforesaid, as set forth in 15 U.S.C. § 1117(b).

 3. That Defendants be required to account for and pay over to EZ Dock all gains, profits and advantages derived from them from the activities herein complained of.

 4. That Defendants be required to produce for destruction all stationery, signs, advertisements, brochures, promotional materials, and other written materials which bear EZ Dock's marks, including but not limited to those which bear EZ Dock's marks in combination with other names, titles, or marks, together with all plates, molds, matrices, and other means and materials for making or reproducing same.

5. That Defendants be required to pay to EZ Dock all of its litigation expenses including reasonable attorneys' fees and the costs of this action, as set forth in 15 U.S.C. § 1117(b).

6. That EZ Dock have such other and further relief as the Court may deem just and proper in the circumstances.

### COUNT SIX – BREACH OF CONTRACT (AGAINST HURRICANE ONLY)

69. Paragraphs 1 through 68 are incorporated by reference as though set forth fully herein.

70. Hurricane agreed in the MDA to cease use of EZ Dock's marks following termination of Hurricane as a distributor.

71. Hurricane further agreed in the MDA to stop its dealers from unauthorized use of EZ Dock's marks.

72. Hurricane has failed and continues to fail to perform under the MDA as described above.

73. The MDA was an enforceable contract when entered, and the termination of Hurricane as a distributor has not altered or restricted the enforceability of the post-termination MDA provisions referenced above.

74. EZ Dock has performed all conditions precedent to performance, or such conditions have been waived.

75. EZ Dock has been damaged by Hurricane's breach.

WHEREFORE, EZ Dock, Inc. respectfully requests that the Court enter judgment in its favor and against Hurricane Marine Manufacturing, Inc.; award EZ Dock compensatory damages and its costs incurred in this suit, including its reasonable attorney's fees; and order such other or additional relief as the Court deems just and appropriate.

Respectfully submitted,

BERGER SINGERMAN LLP
Attorneys for Plaintiff
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Direct: (954) 712-5138
Facsimile: (954) 523-2872

By: s/Charles H. Lichtman
    Charles H. Lichtman
    Florida Bar No. 501050
    clichtman@bergersingerman.com
and

Gerald P. Greiman
Ryan C. Hardy
SPENCER FANE BRITT & BROWNE LLP
One North Brentwood Boulevard, Tenth Floor
Saint Louis, MO 63105
Tel: 314-863-7733
Fax: 314-862-4656
ggreiman@spencerfane.com
rhardy@spencerfane.com

*Attorneys for Plaintiff*

## VERIFICATION

I declare under penalty of perjury that I am the General Counsel of Plaintiff EZ Dock, Inc., I have read the foregoing Verified Complaint, and the factual allegations set forth therein are true and correct to the best of my knowledge, information and belief.

Executed on this 30th day of October 2014.

*/s/ Daniel M. Reavy*
Daniel M. Reavy

SL 1358719.3